### CLINE, ESTATE OF, In Re

Ohio Probate Court, Tuscarawas Co

Decided Oct 29, 1937

Zimmerman & Zimmerman, Springfield, for exceptor.

Warwick I. Rowland, Columbus, for the Tax Commission of Ohio.

### OPINION

By LAMNECK, J.

Elvira Cline died testate on October 4, 1936. Under Item 4 of her will, which was

admitted to probate on October 21, 1936, she left $500.00 to The Oesterlen Orphans' Home of the United Lutheran Church of North America, of Springfield, Ohio. Item 4 reads in part as follows:

"I will and bequeath to the Oestelen (Osterlen) Children's Home of Springfield, Ohio, Five Hundred ($500.00) Dollars."

On August 7, 1937, inheritance tax was determined in said estate and a tax of $35.00 was assessed against this bequest. The Oesterlen Orphans' Home filed exceptions to this finding, claiming that said bequest was exempt from taxation under the provisions of §5334 GC because The Osterlen Orphans' Home was claimed to be an institution "for purposes only of public charity."

The Oesterlin Orphans' Home was established under the will of Amelia Oesterlen admitted to probate in the Probate Court of Clark County on November 18, 1902, under a bequest establishing a fund "to aid in the establishment of an Orphans' Home at Springfield, Ohio, to be called the Oesterlen Orphans' Home, and to be under the control and management of the Synod of the English Lutheran Church * * *."

On February 13, 1903, The Oesterlen Orphans' Home was incorporated as a corporation not for profit for "the establishment and maintenance of a home for orphan children in Springfield, Ohio" under the control of the Synods of the Evangelical English Lutheran Church in the United States.

In the constitution of this corporation, the objects and purposes are stated thus:

"The object and design of this institution is and shall be to provide a home for poor orphan children of the Evangelical Lutheran Church, and such other poor orphan children as the board may elect to receive * * *."

At the time exceptions were filed to the assessment of inheritance tax there were 94 children in the home, 74 of whom came from families affiliated with the Lutheran Church and 20 from other denominations; 19 inmates were being maintained from regular monthly contributions from relatives, 21 being maintained in part by irregular contributions of relatives, and 55 were being maintained wholly at the expense of the Home.

Sec 5334 GC, insofar as it relates to this case, reads as follows:

"The succession to any property * * * passing to or for the use of an institution for purposes only of public charity * * * shall not be subject to the provisions of the preceding sections * * *."

Under the facts hereinbefore set forth, is The Oesterlen Orphans' Home an institution **"for purposes only of public charity?"**

If the word "public" were omitted from §5334 GC, there would be no difficulty in this case because The Oesterlen Orphans' Home is without doubt an institution of charity. And if the Supreme Court of Ohio had followed the weight of authority in other states in the case of **Tax Commission v Trust Co., 117 Oh St 443, 155 NE 570,** there would be no difficulty, because a "public charity" as defined by most states other than Ohio is public if it "operates upon indefinite persons whose care and support rest upon the public" regardless of sex, age, condition, place of residence, or upon members of a particular religious, fraternal or secular organization. (Lodge v Board of Review, 281 Ill. 480, 117 NE 1016).

Under such construction, a bequest made to an institution limited to caring for poor people of a particular sex, age, condition or a particular place, or of a particular faith, or organization, would be exempt from taxation. The only test would be whether or not the caring of its inmates relieved the public of a public burden.

In Tax Commission v Trust Co., supra, our Supreme Court held that "an institution for purposes only of public charity" is the same as "an institution of purely public charity" and consequently an institution "which extended relief only to its own sick and needy members, and to widows and orphans of deceased members," or which dispensed charity only to members of a fraternal, religious or secular organization, or their wives, widows and dependent orphans, even though other classes were included if the first class became exhausted, was not "an institution only for purposes of public charity."

Under this interpretation charity may be public even if limited to any of the following:

To persons of a particular age or condition;

To persons of a particular sex;

To persons of a particular place.

But if limited to, or a preference is given to persons of a particular fraternal, religious or secular organization, it is not

412

"an institution for purposes only of public charity."

The fact that the care of some inmates was paid for in whole or in part is not material if no one profited from the care of such inmates, (**O'Brien v Hospital**, 96 **Oh St 1,** 116 NE 975).

In this case the bequest was general and could be used by the institution as it saw fit. By the constitution of the organization, a preference is given to poor orphan children of the Lutheran Church, because the admittance of others is limited to "**such other poor orphan children as the board may elect to receive.**" The fact that 74 out of the 94 children in the Home are of the Lutheran faith supports this view.

A person intending to make a bequest to this institution could exempt it from taxation by specifying that it should be used for the relief of poor orphan children without discrimination as to religious faith. The institution itself could make general bequests exempt by changing its constitution to provide that children should be admitted without discrimination as to creed, provided all who sought admission were considered without regard to creed.

The exceptions will, therefore, be overruled.